UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 13, 2009
09CV2905
JUDGE NORDBERG
MAGISTRATE JUDGE COLE
CH

| | |
|---|---|
| Alexis Cortes<br>4450 N Sheridan Rd #1<br>Chicago, IL 60640<br><br>    Plaintiff,<br><br>v.<br><br>GC Services, LP<br>c/o CT Corporation System, Registered Agent<br>350 North St. Paul Street<br>Dallas, TX 75201<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. Between February and March 2009, Defendant telephoned Plaintiff on numerous occasions in an effort to collect the debt.

8. On or around March 27, 2009, Defendant telephoned Plaintiff's parents' residence.

9. During this communication, Defendant asked one of Plaintiff's parents to give Plaintiff a message that Defendant had called.

10. At the time of this communication, Defendant already had Plaintiff's location information.

11. On or around March 27, 2009, Plaintiff telephoned Defendant in response to this message.

12. During this communication, Plaintiff requested that Defendant never again contact his parents about the debt and confirmed that Defendant had Plaintiff's telephone number.

13. During this communication, Plaintiff spoke to one of Defendant's collection supervisors.

14. During this communication, the collection supervisor spoke to Plaintiff in a harassing, oppressive, and abusive manner.

15. On or around April 22, 2009, Defendant again telephoned Plaintiff's parents' residence.

16. During this communication, Defendant asked one of Plaintiff's parents to give Plaintiff a message that Defendant had called.

17. At the time of this communication, Defendant already had Plaintiff's location information.

18. On or around May 5, 2009, Defendant again telephoned Plaintiff's parents' residence.

19. During this communication, Defendant asked one of Plaintiff's parents to give Plaintiff a message that Defendant had called.

20. At the time of this communication, Defendant already had Plaintiff's location information.

21. On or around May 5, 2009, in response to this message, Plaintiff telephoned Defendant.

22. During this communication, Plaintiff again requested that Defendant never again contact his parents about the debt and confirmed that Defendant had Plaintiff's telephone number.

23. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

24. In order to harass Plaintiff, Defendant telephoned Plaintiff immediately after Plaintiff terminated this communication.

25. On or around May 11, 2009, Plaintiff telephoned Defendant after receiving a voice message from Defendant.

26. During this communication, Plaintiff informed Defendant that Plaintiff could not afford to pay the debt and eventually terminated the communication.

27. In order to harass Plaintiff, Defendant telephoned Plaintiff twice immediately after Plaintiff terminated this communication.

28. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

29. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party in connection with the collection of a debt and failed to comply with 15 U.S.C. §1692b.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692d in that Defendant used harassing, oppressive, and abusive language during its communications in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff